UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JUSTIN D. PERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:21-CV-00052-SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Justin D. Perry's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In his original motion, Petitioner allege four grounds of ineffective assistance of counsel (Doc. 1). Following briefing on the original motion, the United States Supreme Court held that attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) does not qualify as a predicate offense under 18 U.S.C. § 924(c) because it does not categorically require the government to prove the use, attempted use, or threatened use of force. *United States v. Taylor*, 142 S.Ct. 2015, 2020 (2022)  Shortly thereafter, Petitioner supplemented his § 2255 motion to include a claim pursuant to the *Taylor* decision (Doc. 21). He later dismissed the claims in the original motion and proceeds only on the *Taylor* claim (Docs. 36, 37). For the following reasons, the Court will grant Petitioner's motion.

## **BACKGROUND**

On March 21, 2018, Petitioner pled guilty to Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1) (Count I), Attempted Carjacking under 18 U.S.C. § 2119 (Count II),

1

and Possession of a Firearm in Furtherance of a Crime of Violence under 18 U.S.C. § 924(c)(1) (Count III). *See USA v. Justin D. Perry*, EDMO case no. 1:17-CR-00078-SNLJ, Docs. 1, 40, 41. The Attempted Carjacking served as the predicate offense (i.e., the "crime of violence") for the conviction on Count III under § 942(c). Petitioner was sentenced on July 30, 2018 to a term of imprisonment of 147 months in the Bureau of Prisons. *Id.* at Doc. 62. Specifically, he was sentenced to 63 months on each of Counts I and II to be served concurrently, and 84 months on Count III to be served consecutive to the sentence on Counts I and II. *Id.* Additionally, the sentence was ordered to run consecutive to any sentences imposed in Petitioner's parole revocations in the Circuit Court of New Madrid County, State of Missouri, case nos. 15NM-CR00693-01 and 15NM-CR000691-01. *Id.*

On April 7, 2021, Petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence alleging four grounds of ineffective assistance of counsel (Doc. 1). In response, the Government filed a Motion to Dismiss (Doc. 3), which is also pending. Petitioner later supplemented his motion based upon the Supreme Court's decision in *Taylor* (Doc. 21). In accordance with an Administrative Order of this Court in response to *Taylor*, the Court appointed counsel for Petitioner (Doc. 24). Thereafter, the § 2255 motion was further supplemented to expound on the *Taylor* claim and the ineffective assistance of counsel claims were dismissed (Docs. 26, 31, 36, 37).

Petitioner argues his conviction and sentence with respect to Count III is legally invalid under the *Taylor* decision and must be set aside (Docs. 26, 31, 33). Specifically, he argues that attempted carjacking does not qualify as a crime of violence to support a conviction under § 942(c). The government agrees (Doc. 32). Further, the parties agree

2

that the appropriate remedy is vacatur of the judgment in the underlying criminal case followed by resentencing (Docs. 32, 33).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on grounds that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

## DISCUSSION

In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), does not qualify as a crime of violence for purposes of § 942(c) because it does not categorically require the government to prove the use, attempted use, or threatened use of force. *Taylor*, 142 S. Ct. at 2020-21. Instead, the government is only required to prove that (i) the defendant intended to take personal property by means of actual or threatened force, and (ii) a substantial step towards that aim. *Id.* The Supreme Court found that it was categorically possible for a defendant to commit attempted Hobbs Act robbery without committing a crime of violence. *Id.* In other words, in *Taylor,* the Supreme Court distinguished between an attempt to commit a crime which threatens the use of force, and the attempted use of force itself, finding that the former is broader than the latter. *Id.* at 2021.

Here, the predicate offense for Petitioner's § 924(c) conviction in Count III is the attempted carjacking in Count II, not attempted Hobbs Act robbery. However, the parties

3

agree that the Supreme Court's reasoning in *Taylor* applies equally to attempted carjacking. The Court also agrees. A conviction for attempted carjacking under 18 U.S.C. § 2119, similar to attempted Hobbs Act robbery, does not categorically require the government to prove the use, attempted use, or threatened use of physical force. Thus, pursuant to the *Taylor* decision, the conviction on Count III must be set aside.

When a case involves multiple counts, and a defendant successfully attacks some, but not all, of the counts, courts apply the sentencing package doctrine. *See United States v. McArthur*, 850 F.3d 925, 943 (8th Cir. 2017). The sentencing package doctrine allows a court to "vacate the entire sentence on all counts so that, on [resentencing], the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Id.* (quoting *Greenlaw v. United States*, 544 U.S. 237, 253 (2008)). As a result, to correct the judgment, this Court must issue a new sentence which encompasses the aggregate term of custody. The Court therefore finds that vacatur of the judgment in the underlying criminal case and resentencing is the appropriate remedy.

By separate order in the underlying criminal case, the Court will set a resentencing hearing and direct the United States Probation Office to prepare a resentencing report and sentencing recommendation. Resentencing Petitioner is within the Court's authority under § 2255, and it does not violate double-jeopardy principles. *See Gardiner v. U.S.*, 114 F.3d 734, 735-737 (8th Cir. 1997). Further, such resentencing is consistent with maintaining a sentence compatible with the Court's intention based on the facts of the underlying criminal case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Justin D. Perry's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **GRANTED**.

**IT IS FURTHER ORDERED** that the conviction on Count III in *USA v. Justin D. Perry*, EDMO case no. 1:17-CR-00078-SNLJ is **SET ASIDE** under the Supreme Court's decision in *United States v. Taylor*, 142 S.Ct. 2015 (2022) and the July 30, 2018 Judgment is **VACATED**. The criminal case will be reset for sentencing by separate order in that case.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 3) seeking to dismiss the ineffective assistance of counsel claims is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of federal constitutional right.

**SO ORDERED** this 22nd day of August, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE